# Exhibit 3

*United States v. Litzenburg*
Partial Transcript of November 11, 2019 Meeting
Participants: Timothy Litzenburg; Daniel Kincheloe; Attorney 1; Attorney 2

[00:04:30]
Attorney 2:	Hey, Tim. [Attorney 2] wine. How are you?

[00:04:32]
Litzenburg:	Nice to meet you.

[00:04:33]
Attorney 2:	Good to meet you, too.

[00:04:34]
Litzenburg:	This is my partner, Dan.

[. . .]

[00:09:31]
Attorney 2:	I am here, um, because the client is genuinely interested in discussing a settlement, uh, understanding the timeframe that you gave us, figuring out what it needs to know to get from where we are today to where you wanna be by the end of the year, uh, and what all pieces of that need to fall in place to achieve that. And so we're here to, uh, again, talk about aspects of that, uh, assess further whether it's reasonable to get to that place within the timeframe that we've…that you've identified, um, and then what our ne…next steps need to be after this meeting.

[00:10:13]
Litzenburg:	Sure. Well, let me tell you what [Inaudible 00:10:15] what we would like to get out of it is, um, um, plenty of notes providing, you know, an open book to you guys, providing materials, and to answer any questions. [Inaudible 00:10:27] top strategy points that we'd usually save for trial because we're in a very unique…very unique position, at least for me [Inaudible 00:10:38] of having, um, interest [Inaudible 00:10:40] almost in, uh, court, uh, right now. Um, it would be, uh, you know… This is [Inaudible 00:10:46] we're looking for, um, you know, nine figures in, um…in fees over the next several years in whatever direction it's going to come. And it's going to come [Inaudible 00:10:57] our first mass tort yesterday [Inaudible 00:11:03] pharmaceutical case. [Inaudible 00:11:05] after 11 months.

I'm not worried about that. Um, I'll spell it out a lot for you guys. Um, [Inaudible 00:11:11] you know, was not pleased with some of the [Inaudible 00:11:15] in the meetings, but I actually think that that Halloween or whenever it was meeting was better with you on the phone [Inaudible 00:11:22] meeting in person. So, those were all meant to be, you know, steps to give you all the

1

*United States v. Litzenburg*
Partial Transcript of November 11, 2019 Meeting
Participants: Timothy Litzenburg; Daniel Kincheloe; Attorney 1; Attorney 2

information that you needed. Now, I don't know, um, you know, if they've had… I assume that a company as smart as [Company 1] and [Company 2] has had reserves in this, whether you guys were involved or something from the ge… It…it's been a…a concern I am sure. You don't have to try to convince me otherwise.

Um, and I'm sure if they've been watching the litigation, those reserves are multiples of what we're talking about here. Um, and they've been biting their nails for years over this, um, waiting to see, you know, if this problem is gonna come to a head. And we have brought the problem to a head, but only among the people in this room.

And so there is now a problem to solve that I think brings…brings a [Inaudible 00:12:06] certainty. Um, you know, all I'm certain of is, um, we're gonna be the leading edge of the next mass torts. Whether they're… You know, I took a hard left at pharmaceuticals. I may take a hard left at chemicals and pesticides. We'll see. I mean, that…that remains to be seen and…and decided largely by, you know, your client.

Um, but I'm sure that we'll be, um, leading that and…and…and…both formally and informally. What's certain, uh, is that if we walk out of here today without a deal, and we, uh, you know, the [M.S.] case gets filed and served. And we've talked about consequences. Uh, you know, I don't even wanna hear… I'm not even really asking for the defense's pitch because I know that for, uh… there is no billion dollar solution for this problem to you guys outside of us.

[. . .]

[00:13:36]
Litzenburg: A billion. Yeah. No, I mean, nuisance value, uh, defense lawyer fees, a hit in the stock when this gets filed and served, maybe the conference, whatever. But, um, we can be, um, your biggest problem. Right now we're your only problem or potential problem. Uh, we have one identified certain conflict that…that we can discuss, and we can discuss other…discuss some other creative ideas. Uh, or we can be an asset. You know? And I've…I've talked about creative ways to not only make the problem go away but, um, try to help [Company 1] and perhaps its sister companies avoid this problem and other problems in the future. So, it's…frankly, you know, if I could go back in time, I would come in a little bit stronger and probably higher.

[. . .]

[00:30:45]

2

*United States v. Litzenburg*
Partial Transcript of November 11, 2019 Meeting
Participants: Timothy Litzenburg; Daniel Kincheloe; Attorney 1; Attorney 2

| | |
|---|---|
| Litzenburg: | And that's the…the…the kind of simple answer to…to your question is, um, again, you know, what does it want…uh, what do you wanna talk about. You know, that's wh…that's after yes and no. And we can go…we can hammer out the details. [Inaudible 00:10:58] just come to Chicago to do the physical signing of the…of the deal, and we will honor that. Uh, it… You know, the most important thing is yes or no. And I understand. I appreciate your…your vision of, you know… They're talking about nearly a quarter of a million dollar investment in this. It's certainly true. |
| | We walk out of here today, and you're telling them, you know, "You are absolutely, absolutely making a quarter of a million, 500 million, billion plus dollar investment in a public relations nightmare." You know, [Inaudible 00:11:26] in a 40% stock loss coming off the top. And that…that's what they're deciding between is whether to avoid that, uh, or to buckle down for that. Uh, you know, there is no… I mean, I know you're gonna have to call and tell your client. The client is gonna be understanding probably 'cause they're gonna be saying, "We don't have to deal with this." They've got a way bigger than a quarter million dollar investment in a…in a nightmare. |

[. . .]

| | |
|---|---|
| [00:48:35] Attorney 2: | What…and is that…? 'Cause they're gonna wanna know who they're entering into consultancy with. What…what's the…? |
| [00:48:42] Litzenburg: | Uh, Global Consulting. Yeah. |
| [00:48:44] Attorney 2: | Golden Ratio Consulting? |
| [00:48:45] Kincheloe: | Golden Ratio LLC. There is another…in another state, Golden Ratio Consultants. So, it doesn't, um…it doesn't have an internet presence. Uh… |
| [00:48:56] Attorney 2: | And it's a Virginia entity? |
| [00:48:56] Kincheloe: | Virginia entity, yes. |
| [00:48:57] | |

3

*United States v. Litzenburg*
Partial Transcript of November 11, 2019 Meeting
Participants: Timothy Litzenburg; Daniel Kincheloe; Attorney 1; Attorney 2

| | |
|---|---|
| Attorney 2: | Okay. |
| [00:48:59] Kincheloe: | Um… |
| [00:49:00] Attorney 2: | And you're the beneficial owners of Golden Ratio? |
| [00:49:01] Kincheloe: | Correct. |
| [00:49:02] Litzenburg: | Yeah. |

4